Date signed November 22, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In re:** | : | |
| **Patricio Ernesto Northland** | : | Case no. 05-19191-PM |
| | | Chapter 7 |
| | : | |
| **Debtor.** | | |
| **AT&T Latin America Corp.** | : | |
| **Plaintiff,** | : | |
| | | Adv. Proc. No. 05-1873 |
| v. | : | |
| **Patricio Ernesto Northland** | : | |
| | : | |
| **Defendant.** | | |

### MEMORANDUM OF DECISION

On August 22, 2005, the Plaintiff, AT&T Latin America Corporation ("AT&T"), filed this complaint against the Debtor and Defendant, Patricio Ernesto Northland. Plaintiff seeks the imposition of a constructive trust, denial of discharge under 11 U.S.C. § 727 as well as a finding of non-dischargeability under 11 U.S.C. § 523. Defendant filed a motion to dismiss on September 15, 2005, arguing that the Complaint failed to state claims for the imposition of a

constructive trust, for denial of discharge under §727, and for non-dischargeability under §523. Defendant also argues that Counts II through IX of the Complaint violate Fed. R. Bankr. P. 7008 and 7010. The Plaintiff filed a response to the motion. A hearing was held on October 31, 2005. Upon consideration of the relevant papers and the arguments made at the hearing on the motion to dismiss, the court will grant the motion to dismiss, with leave to amend the Complaint in twenty-one days.

## Background

The Defendant is the former chairman and chief executive officer of Plaintiff. Plaintiff is a debtor in a case filed under Chapter 11 now pending in the United States Bankruptcy Court for the Southern Division of Florida (the "Florida Bankruptcy Case"). Prior to the filing of this bankruptcy case under chapter 7 by the Defendant, Plaintiff sued the Debtor and his wife in the Florida Bankruptcy Court, seeking avoidance and recovery of preferential transfers pursuant to 11 U.S.C. § 547(b) and judgment for joint and several liability under 11 U.S.C. § 550. Both this adversary proceeding, and the adversary proceeding commenced in the Florida, involve payments totaling approximately $2.5 million dollars made to Defendant in the months prior to Plaintiff's bankruptcy filing. Defendant allegedly received the majority of these payments in the form of deferred compensation distributions from a contingent deferred executive compensation plan. These distributions were made in the form of a life insurance policy, for the benefit of Defendant and his wife, with a cash surrender value of approximately $2.19 million dollars. Furthermore, Plaintiff alleges that Defendant took steps to insulate the proceeds from recourse on these preferential transfers by placing them into exempt status. For instance, the Complaint alleges that Defendant made technical adjustments to the life insurance policy,

resulting in the issuance of a replacement policy.

## Discussion

As a preliminary matter, the court finds the overall framework of the Complaint to be deficient. Counts II through IX of the Complaint violate Fed. R. Bankr. P. 7008. Each of those counts incorporate, in addition to the general allegations set forth in Paragraphs 1-34, all of the allegations set forth in each preceding count. Fed. R. Bankr. P. 7008(a), that incorporates Fed. R. Civ. P. 8, requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief [.]" Because each of these counts have incorporated allegations not be relevant to the specific claim alleged therein, Counts II through IX are confusing and non-specific and, fail to comply with the requirements of Rule 7008(a).

Additionally, the court finds that several of the counts are deficient for other reasons. With respect to Count I ("Imposition of a Constructive Trust"), the court finds that there are several impediments to the imposition of a constructive trust in favor of the Plaintiff. Plaintiff seeks to impose a constructive trust on the replacement life insurance policy issued to Defendant on the basis that this policy constitutes traceable proceeds of a preferential transfer made to Defendant. Plaintiff, however, is not the only creditor listed on Defendant's schedules. The other creditors - none of whom admittedly have claims in an amount as great as Plaintiff's claim - are parties to this adversary proceeding. In accordance with the holding in In re Jeter, 73 F.3d 205 (CA8 1996), the court finds that a constructive trust should not be imposed in favor of a single creditor. Plaintiff is "situated like every other creditor of and [is] not entitled to any special rights." Id. at 207.

Furthermore, it is questionable whether Plaintiff can impose a constructive trust against

the Defendant alone with respect to the assets at issue inasmuch as the Complaint alleges that those assets were transferred to the Defendant and his wife.  Under Maryland law, the constructive trust doctrine operates "to convert *the holder of the legal title* to property into a trustee for one who in good conscience should reap the benefits of the possession of said property."  Wimmer v. Wimmer, 414 A.2d 1254, 1258 (Md. 1980) (emphasis added).  In seeking to impose a constructive trust upon assets to which Defendant does not hold sole legal title, the Plaintiff is seeking to expand the reach of this doctrine.  The court, however, need not address whether such an expansive reading of the constructive trust doctrine is permitted under Maryland law in light of the fact that the court has already determined that Plaintiff on its own account alone, may not bring a constructive trust claim based upon the holding in Jeter.[1]

With respect to Counts IV and VII ("Denial of Discharge Pursuant to § 727(a)(4)" and "Non-Dischargeability of Debt Pursuant to § 523(a)(2)", respectively), the court agrees with Defendant that both of those counts violate Fed. R. Bankr. P. 7010 by stating multiple theories of recovery.  Counts IV and VII seek denial of discharge pursuant to § 727(a)(4)(A), (C), and (D) and § 523(a)(2)(A) and (B), respectively.  Fed. R. Bankr. P. 7010, which incorporates Fed. R. Civ. P. 10, requires "[e]ach claim founded upon a separate transaction or occurrence . . [must] be stated in a separate count . . .whenever a separation facilitates the clear presentation of the matters set forth."   It is impossible to ascertain if all of the claims asserted by Plaintiff under the different subsections of §§ 523 and 727 are based upon the same actions allegedly committed by

---

[1] The court notes that, in pursuing a constructive trust claim in the instant matter, the Plaintiff seems to have adopted a position that is inconsistent with that asserted by it in the preference action against the Defendant and his wife.  Assuming that an antecedent debt was pleaded in the latter action, judicial estoppel may operate to bar a constructive trust claim in this proceeding.

Defendant. As such, the Complaint should contain a separate count for each subsection of §§ 523 and 727 under which relief is sought.

Furthermore, the court finds that Counts IV and VII fail to plead fraud adequately under Fed. R. Bankr. P. 7009. That rule incorporates Fed. R. Civ. Pr. 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (CA4 1999) (holding that "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" are the circumstances that must be pleaded with particularity). Plaintiff's bare allegations of fraud do not meet the heightened pleading standards of Rule 7009.

An appropriate order will be entered.


cc:
Plaintiff
Plaintiff's counsel
Defendant
Defendant's counsel
Chapter 7 Trustee

**End of Memorandum of Decision**